```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MICHAEL L. SLAUGHTER,                          :
                                               :
                Plaintiff,                     :
                                               :     **MEMORANDUM AND ORDER**
        -against-                              :     10-CV-3428 (DLI)
                                               :
MICHAEL J. ASTRUE,                             :
Commissioner of Social Security,               :
                                               :
                Defendant.                     :
----------------------------------------------------------x
```
**DORA L. IRIZARRY, U.S. District Judge:**

Charles E. Binder, counsel to Plaintiff Michael L. Slaughter ("Plaintiff") in the above-captioned action, moves the Court to authorize attorneys' fees and costs in the amount of $3,655.33, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Counsel also seeks attorneys' fees in the amount of $12,000.00, pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). For the reasons set forth below, counsel's motion for fees under the EAJA is denied, and his motion for fees under Section 406(b) is granted.

## BACKGROUND[1]

On December 6, 2006, Plaintiff filed an application for disability insurance benefits under the Social Security Act (the "Act"), claiming disability beginning August 1, 2006 due to diabetic complications and the loss of vision. Plaintiff's application was denied both initially and on reconsideration. On August 1, 2008, Plaintiff testified at a hearing held before Administrative Law Judge Jeffrey M. Jordan (the "ALJ"). On September 17, 2008, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act and denied Plaintiff's claims. Plaintiff appealed the ALJ's decision, and he submitted additional medical evidence of treatment

---

[1] Familiarity with the background of this matter as set forth in the Court's March 12, 2012 Opinion ("Op.") is assumed, and, thus, only those facts necessary to the discussion shall be set forth herein.

occurring after the administrative hearing. For example, on September 8, 2008, Plaintiff was diagnosed with worsening diabetic neuropathy and uncontrolled diabetes mellitus and hypertension. On May 27, 2010, the Appeals Council denied Plaintiff's request for review.

On July 27, 2010, Plaintiff filed an appeal with this Court seeking judicial review of the denial of benefits, pursuant to 42 U.S.C. § 405(g). On March 12, 2012, this Court found that the ALJ properly applied the treating physician rule and properly assessed Plaintiff's credibility, but remanded the case to give Plaintiff the opportunity to submit updated medical records to the ALJ and the vocational expert ("VE"), and for the VE to provide additional testimony. (*See* Op.) Pursuant to this Court's Order, a second administrative hearing was held on April 22, 2013. (Binder Aff. ¶ 6, Docket Entry No. 27-2.) On April 29, 2013, ALJ Michael D. Cofresi found Plaintiff disabled as of April 6, 2007, Plaintiff's amended onset date, and awarded Plaintiff past due benefits. *Id.*

On June 7, 2012, Plaintiff's counsel moved for attorneys' fees in the amount of $3,655.33, pursuant to the EAJA. Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant" or the "Commissioner") opposes. On June 6, 2013, Plaintiff's counsel also moved for attorneys' fees in the amount of $12,000.00, pursuant to Section 406(b). The Commissioner does not oppose Plaintiff's Section 406(b) motion. For the reasons set forth below, Plaintiff's counsel's EAJA motion is denied, and his Section 406(b) motion is granted.

## DISCUSSION

### I. Fees under the EAJA

Under the EAJA, a prevailing party may be eligible for an award of attorneys' fees in a lawsuit brought against the United States where the government's position was not "substantially justified." *Miles ex rel. J.M. v. Astrue*, 502 F. App'x 59, 60 (2d Cir. 2012) (citing 28 U.S.C. §

2412(d)(1)(A)).  The Supreme Court has construed "substantially justified" to mean "justified to a degree that could satisfy a reasonable person."  *Smith by Smith v. Bowen*, 867 F.2d 731, 734 (2d Cir. 1989) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)); *see also Kerin v. U.S. Postal Service*, 218 F.3d 185, 189 (2d Cir. 2000) (finding that the government's position is "substantially justified" if it has "a reasonable basis both in law and in fact.")  Although the government bears the burden of showing that the agency position was substantially justified, *Ericksson v. Commissioner of Social Security*, 557 F.3d 79, 81 (2d Cir. 2009), the standard should not be read to raise a presumption that the government position was not substantially justified "simply because it lost the case."  *Scarborough v. Principi*, 541 U.S. 401, 415 (2004).  Indeed, "the government may take a position, or pursue a litigation, that is substantially justified, even if it is incorrect or unsuccessful."  *Howard v. Astrue*, 2009 WL 2383097, at *2 (E.D.N.Y. July 30, 2009) (citing *Scarborough v. Principi*, 541 U.S. at 415).

Plaintiff argues that the underlying agency action was not substantially justified, because: 1) the ALJ relied on flawed VE testimony; 2) the ALJ did not pose a hypothetical question that encompassed all of Plaintiff's limitations, specifically the vacillation in Plaintiff's vision; and 3) the Appeals Council did not remand Plaintiff's claim to the ALJ to consider Plaintiff's updated medical records.  (Pl.'s Mem. at 4, Docket Entry No. 22; Reply at 2-3, Docket Entry No. 26.)  Defendant argues that the underlying agency action was substantially justified, citing, *inter alia*, this Court's finding that the ALJ "issued a thorough and well-reasoned report."  (Def.'s Mem. at 3, 5, Docket Entry No. 24.)

With respect to Plaintiff's first two arguments, the Court finds that the ALJ's initial position was substantially justified.  The VE testified that Plaintiff would be unable to work if his right eye were severely impaired.  (Op. at 16.)  However, this Court found that the ALJ

3

reasonably discounted the treating physician's conclusion regarding the severity of Plaintiff's right eye condition. (Op. at 14-15.) Although the VE did not specifically testify as to the vacillation in Plaintiff's vision, the Court finds that failure to do so was not unreasonable under the circumstances.

The Appeals Council's failure to remand Plaintiff's case to the ALJ in light of his updated medical records also was not unreasonable. The Appeals Council must reconsider decisions: "1) when there appears to be an abuse of discretion by an ALJ, 2) when there is an error of law, 3) when the ALJ's actions, findings, and conclusions are not supported by substantial evidence, and 4) when there is a broad policy or procedural issue affecting the general public interest." *Crudele v. Chater*, 1997 WL 198076, at *3 (S.D.N.Y. Apr. 23, 1997) (citing 20 C.F.R. §§ 404.970 and 416.1470). "[N]ew evidence does not automatically warrant an appeal." *Id.* Thus, the Appeals Council's position with respect to Plaintiff's updated medical records was substantially justified.

Accordingly, the Court finds that the government's position was substantially justified, and, therefore, declines to award attorneys' fees pursuant to the EAJA.

**II.     Fees Under 42 U.S.C. § 406(b)**

An award of attorneys' fees under section 406(b)(1) of the Act is proper where: 1) there is a judgment in favor of the claimant; 2) the fee is awarded as part of the Court's judgment; and 3) the reasonable fee does not exceed twenty-five percent of the total amount of past-due benefits awarded to the claimant. *Kazanjian v. Astrue*, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing 42 U.S.C. § 406(b)(1)). Fees awarded under section 406(b)(1) are deducted from the claimant's past-due benefits, and it is the role of the district court to determine the reasonableness of the fee. 42 U.S.C. § 406(b)(1).

4

Where, as here, "there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Factors considered in determining whether a fee request is reasonable include: 1) "whether the retainer was the result of fraud or overreaching;" 2) "whether the attorney was ineffective or caused unnecessary delay;" 3) "whether the fee would result in a windfall to the attorney in relation to the services provided;" and 4) "the risk of loss the attorney assumed by taking the case." *Kazanjian*, 2011 WL 2847439, at *1 (citing *Wells*, 907 F. 2d at 372).

Counsel moves for an award of $12,000.00 as compensation for 19 hours of work rendered on behalf of Plaintiff before this Court. (Binder Aff. ¶¶ 8, 10.) The requested award is less than the $25,535.50 withheld for potential attorneys' fees, and represents less than 25% of the total past due benefits awarded. (*Id.* ¶¶ 12, 13.) Included in counsel's motion papers are: 1) the retainer agreement signed by Plaintiff, setting forth a contingent fee payment of 25% of all past-due benefits; 2) the Social Security Administration's letter to Plaintiff, notifying him that it would withhold $25,535.50 from his past due benefits for potential attorneys' fees; and 3) itemized records of the hours counsel spent on Plaintiff's case. (*See* Binder Aff., Exs. A-C.) The Commissioner does not oppose counsel's motion. (*See* Docket Entry No. 29.)

Counsel's $12,000.00 fee request is not unreasonable. The requested fee does not exceed the 25% statutory cap, and there is no indication of overreaching or fraud in the retainer agreement between counsel and Plaintiff. Moreover, there is nothing to suggest that counsel was ineffective or caused delay. To the contrary, counsel's able representation resulted in the reversal of the adverse decision denying Plaintiff's application and a subsequent award of

disability benefits dating from April 6, 2007.  Moreover, $12,000.00 for 19 hours of work does not constitute a windfall when viewed against the favorable results obtained by counsel and the risk of loss associated with contingency fee agreements.  *See Warren v. Astrue*, 2011 WL 5402493, at *2 (E.D.N.Y. Nov. 7, 2011) (awarding $25,000.00 for 38 hours of work in light of excellent result obtained by counsel); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 321-25 (S.D.N.Y. 2007) (awarding $26,798.25 for 38 hours of work); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2005) (awarding $38,116.50 for 42.75 hours of work).  Accordingly, counsel's unopposed motion for attorneys' fees pursuant to Section 406(b) is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's counsel's motion for attorneys' fees pursuant to the Equal Access to Justice Act is denied, and Plaintiff's counsel's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted.  Accordingly, the Court authorizes payment of $12,000.00 in attorneys' fees under Section 406(b) to Plaintiff's counsel.


SO ORDERED.

DATED:     Brooklyn, New York
           July 21, 2014

_____/s/_____
DORA L. IRIZARRY
United States District Judge